# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : Chapter 11 <br> : <br> Stream TV Networks, Inc. : Case No. 21-10433(KBO) <br> : <br> Debtor. : Hearing: March 22, 2021 at 10:00 a.m. <br> : Objection Deadline: March 18, 2021 at 4:00 p.m. | |

## SUPPLEMENTAL DECLARATION OF LAWRENCE G. MCMICHAEL IN SUPPORT OF DEBTOR'S RETENTION OF DILWORTH PAXSON LLP

I, Lawrence G. McMichael hereby declare under penalty of perjury, pursuant to Section 1746 of title 28 of the United States Code, as follows:

1.  I am a Partner in Dilworth Paxson LLP ("Dilworth"), with offices at, among other locations, 1500 Market Street, Suite 3500E, Philadelphia, Pennsylvania 19102-2102 and 704 N. King St., Suite 500, P.O. Box 1031, Wilmington, DE 19899-1031.

2.  On February 24, 2021, the above-captioned debtor and debtor-in-possession (the "Debtor") filed an Application for an Order Approving the Retention and Employment of Dilworth as Bankruptcy Counsel (the "Application"). Attached to the Application was the Declaration of Lawrence G. McMichael in support of the Application (the "Original Declaration").

3.  Upon the request of the United States Trustee for the District of Delaware (the "US Trustee"), I hereby submit this supplemental declaration under penalty of perjury in support of the Application (the "Supplemental Declaration").

4.  Unless otherwise stated in this Supplemental Declaration, I have personal knowledge of the facts hereinafter set forth. I am over the age of eighteen (18) and am authorized to submit this Supplemental Declaration on behalf of Dilworth. If called upon to

testify, I could and would competently testify to the facts set forth herein from my own personal knowledge, except as otherwise stated.

## CLARIFICATIONS REGARDING ORIGINAL DECLARATION

5. In paragraphs 5 to 19 of the Original Declaration, I described Dilworth's engagement by and payment history with the Debtor.

6. By request of the US Trustee, I supplement the Original Declaration to clarify the engagement as well as the application and sources of the retainers paid on behalf of the Debtor to Dilworth as follows.

7. Dilworth was originally approached on or about January 14, 2020 by Raja Rajan, a former owner of the Debtor and brother of the Debtor's Chief Executive Officer, Mathu Rajan, at the suggestion of Philip M. Darivoff to provide restructuring advice to the Debtor. Mr. Darivoff, through his company Vayikra Capital LLC, is an investor in the Debtor. He is also chairman of the board of directors of The National Museum of American Jewish History, an unaffiliated Dilworth client and a Chapter 11 debtor in the Eastern District of Pennsylvania. Dilworth does not represent Raja Rajan, Mathu Rajan, Vayikra Capital or Mr. Darivoff and made clear to them that Dilworth will only represent the Debtor in this case.

8. On January 28, 2020, Dilworth received $50,000 from Philip and Betsy Darivoff as a retainer (the "Initial Retainer") to provide the Debtor with restructuring advice. Dilworth also does not represent Betsy Darivoff.

9. As set forth in my original declaration, the Initial Retainer compensated Dilworth for its initial restructuring advice and, as of April 30, 2020, the Debtor determined not to seek Chapter 11 relief at that time. In my Original Declaration, I mistakenly stated that Dilworth incurred fees and expenses of $75,691.50 in connection with providing initial restructuring

2

advice; however, I subsequently learned that this aggregate of fees and expenses was incurred from the date on which Dilworth was initially retained through early December of 2020. As of April 30, 2020, Dilworth had incurred fees and expenses of $43,975.75, leaving a remaining balance of $6,024.25 of the Initial Retainer.

10. On November 11, 2020, Mathu Rajan, Chief Executive Officer of the Debtor, again contacted Dilworth to revisit a restructuring of the Debtor's operations.

11. Dilworth agreed to update its prior Chapter 11 advice and prepare to file a Chapter 11 on behalf of the Debtor in exchange for an additional retainer of $50,000 (the "Second Retainer").

12. On December 13, 2020, Dilworth issued invoice 388361 in the amount of $5,012.50 for fees and expenses incurred during the month of November 2020. Payment of Dilworth's invoices is due within 30 days of the invoice being issued; however, because Dilworth held sufficient funds from the Initial Retainer, this invoice was paid from the balance of the Initial Retainer, leaving $1,011.75 remaining from the Initial Retainer.

13. On January 13, 2021, Dilworth issued invoice 388973 in the amount of $3,621.75, which invoice was paid with the remaining balance from the Initial Retainer, plus a portion of the Second Retainer. The Second Retainer was received in installments as set forth below. My understanding of the sources of the payments and related information regarding the sources was received from the Debtor and is as follows:

    a. On January 20, 2021, Dilworth received one half ($25,000) of the Second Retainer from MarJonJac, LLC, a company owned by John and Mark Savarese, who are current equity holders in the Debtor and who are interested in increasing their investment in the Debtor post-petition. Dilworth was informed by Mr. Rajan that the funds

3

comprising the payment were an investment by MarJonJac into Visual Technologies Inc. ("VTI"), a company formed by Mathu Rajan in January of 2021 to engage in the broader consumer electronics market, including 3D electronics. Dilworth does not represent MarJonJac or its owners, and was informed that the $25,000 payment was paid to Dilworth directly by MarJonJac because VTI had not yet established its own bank account. Dilworth was informed that the payment was made on behalf of the Debtor by VTI to support the Debtor's restructuring efforts. My partner, Anne Aaronson, was informed by the Debtor that, in the event that VTI acquires the Debtor's assets or equity as part of the Debtor'sconfirmed plan, it is intended that the amounts paid by VTI on the Debtor's behalf would be accounted for in an appropriate and fully disclosed way, such as apost-confirmation intercompany payable to VTI.

    b.    On February 9, 2021, Dilworth received the balance of the Second Retainer in the amount of $25,000 from an account held by MediaTainment Inc. My partner, Anne Aaronson was informed by the Debtor that MediaTainment is a company incorporated in Delaware and also controlled by Mathu Rajan. Ms. Aaronson was informed by the Debtor that MediaTainment was formed in 2009 and was formerly the controlling shareholder of the Debtor and formerly provided the Debtor with accounting and banking services. Ms. Aaronson was informed that, in 2019, the shareholders of MediaTainment exchanged their holdings in MediaTainment for holdings in Debtor, accordingly, as of 2019, MediaTainment is no longer affiliated with Stream. Ms. Aaronson was informed by the Debtor that the funds comprising the balance of the Second Retainer that were paid through MediaTainment's account were funds invested into VTI by Patrick Allen through his company Edinburgh Capital Management Ltd. Mr.

4

122164305_2

Allen is another of the Debtor's current equity holders. The Debtor informed Ms. Aaronson that the funds were deposited into MediaTainment's account because VTI had not yet established an account of its own. Dilworth does not represent Mr. Allen, Edinburgh Capital, or MediaTainment and was informed that the $25,000 payment was made by VTI through MediaTainment's account to Dilworth to support the Debtor's restructuring. As with the first half of the Second Retainer, should VTI acquire the Debtor's assets or equity as part of the Debtor'sconfirmed plan, the Debtor has informed Dilworth that it is intended that the amounts paid by VTI on the Debtor's behalf would be accounted for in an appropriate and fully disclosed way, such as a post-confirmation intercompany payable to VTI.

14. After applying the first portion of the Second Retainer to the January invoice, the Debtor had a credit of $22,390.

15. As described in my original declaration, due to ongoing discussions between the Debtor and its potential investors, the Debtor's Chapter 11 filing was delayed and additional pleadings were required to be prepared and updated. Accordingly, to address certain risks and to cover the additional prepetition fees and costs, the Debtor agreed, by obtaining additional investments, to provide Dilworth with an additional retainer of $200,000 (the "Additional Retainer") - $25,000 of which was to be applied to prepetition fees and costs and the balance of which would be held in Dilworth's Delaware IOLTA account pending Bankruptcy Court approval of post-petition fees and costs incurred at the outset of the Chapter 11 case. Dilworth agreed that the Debtor could fund the Additional Retainer by paying $100,000 prior to filing this case and the remaining $100,000 within seven (7) days after filing this case.

5

122164305_2

16. On February 19, 2021, Dilworth received $25,000 of the Additional Retainer from VTI. Dilworth was informed by Mr. Rajan that the funds comprising this portion of the Additional Retainer were invested in VTI by MarJonJac. Dilworth was informed by the Debtor that this $25,000 payment from VTI that was paid to Dilworth on behalf of the Debtor was made by VTI to support the Debtor's restructuring and for the same consideration as the Second Retainer. As agreed between the Debtor and Dilworth, Dilworth applied the $25,000 payment to prepetition attorney fees and costs incurred to initiate this case. After application of the remainder of the Second Retainer and $25,000 of the Additional Retainer to Dilworth's February invoice and fees and costs incurred prior to the Petition Date, the remaining fees and expenses incurred prior to the Petition Date were written off by Dilworth. As of the date of this Supplemental Declaration, with all of Dilworth's prepetition time having been recorded, the amount written off totals $42,472.71, representing attorney fees in the amount of $42,458 and costs in the amount of $14.71.

17. On February 22, 2021, Dilworth received an additional $25,000 of the Additional Retainer from MFSav LLC, a company owned by the Savarese brothers who also own MarJonJac. Dilworth was informed by Mr. Rajan that the funds comprising this portion of the Additional Retainer were invested in VTI and VTI instructed the Savarese brothers to send the payment directly to Dilworth. Dilworth does not represent MFSav LLC, and was informed that the $25,000 payment that was invested in VTI and paid to Dilworth on behalf of the Debtor was made by VTI in exchange for the same consideration as VTI's prior payments. As agreed between the Debtor and Dilworth, Dilworth is holding this portion of the Additional Retainer in its Delaware IOLTA account on the Debtor's behalf, which funds will be applied to post-petition fees and expenses as may be approved by the Bankruptcy Court.

18. On February 23, 2021, Dilworth received an additional $50,000 of the Additional Retainer from VTI. Ms. Aaronson was informed by the Debtor that the funds comprising this portion of the Additional Retainer were invested in VTI by six investors: David P. Lamoreaux, MP Tavill Revocable Trust, James Marussich, Patrick Allen, Adolfo Carmona and Walter Avrili, in exchange for equity in VTI. Dilworth does not represent any of these investors, and Dilworth was informed by the Debtor that the $50,000 payment from VTI was paid to Dilworth on behalf of the Debtor in exchange for the same consideration as VTI's prior payments. As agreed between the Debtor and Dilworth, Dilworth is holding this portion of the Additional Retainer in its Delaware IOLTA account on the Debtor's behalf, which funds will be applied to post-petition fees and expenses as may be approved by the Bankruptcy Court.

19. On March 9, 2021, Dilworth received the remaining $100,000 of the Additional Retainer from VTI, which funds are being held in Dilworth's Delaware IOLTA account toward payment of its post-petition fees and costs that may be approved or permitted by the Bankruptcy Court during this Chapter 11 Case. Ms. Aaronson was informed by the Debtor that the remaining $100,000 of the Additional Retainer was likewise funded through investments into VTI and that this portion of the Additional Retainer is part of a $1 million investment by Mark Bunce into VTI to support VTI and the Debtor's restructuring efforts. Dilworth does not represent Mark Bunce.

20. Other than the payments disclosed in the foregoing paragraphs, Dilworth has not received any payment from or on behalf of the Debtor.

21. I submit that Dilworth has complied with Rule 2016(b) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2016-1 and that, to the best of my knowledge,

7

122164305_2

information and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 16, 2021

                                                                         <u>/s/ Lawrence G. McMichael</u>
                                                                            Lawrence G. McMichael