## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Stream TV Networks, Inc., | Case No. 21-10433 (KBO) |
| Debtor. | **Hearing Date: TBD** |
| | **Objection Deadline: TBD** |

**DEBTOR'S MOTION FOR ENTRY OF ORDER (I) RESTATING AND ENFORCING WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF BANKRUPTCY CODE, (II) PERMITTING DEBTOR TO MODIFY AUTOMATIC STAY, (III) APPROVING FORM AND MANNER OF NOTICE, AND (IV) GRANTING RELATED RELIEF**

The above-captioned debtor and debtor in possession (the "Debtor") through its proposed undersigned counsel, file this motion (the "Motion") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (i) restating and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code; (ii) modifying the worldwide automatic stay, to the extent the Debtor deems appropriate in its sole discretion, to proceed with litigation or contested matters, if any, commenced before the Petition Date; (iii) approving the form and manner of notice related thereto, substantially in the form attached as Exhibit 1 to the Proposed Order (the "Notice"); and (iv) granting related relief.

1.      This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).

2.      The Debtor consents to the entry of final orders or judgments of the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments

consistent with Article III of the United States Constitution.

## Background

3.    On February 24, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtor is a debtor-in-possession and remains in possession of its assets.  No official committee of unsecured creditors has been appointed.

4.    Stream TV was founded in 2009 as a "new media" company to pursue new technologies that enhance user entertainment and communications experiences.  In addition to its 2-View Products and Multi-View Products platforms, the technology that Stream is currently seeking to launch allows TV and tablet manufacturers to convert two dimensional devices into three dimensional ("3D") without the need for viewing glasses.

5.    The Debtor intends to generate revenue from providing 3D components to final market assemblers (such as TV manufacturers and tablet makers).  The Debtor views its approach as similar to how major computer manufacturers use processors in their products and note its products as such.

6.    The Debtor intends to restructure its debt through this chapter 11 case so that its debt service is reduced to a level that will allow Stream to sustain its operations for the long term.

## Relief Requested

7.    By this Motion, the Debtor seeks entry of an Order, substantially in the form of Exhibit A, enforcing the protections of sections 362, 365, 525, and 541(c) of the Bankruptcy Code to aid in the administration of the chapter 11 case and to help ensure that the global

operations of the Debtor and its non-debtor affiliates are not disrupted.

**Basis for Relief**

I.      **Relief Is Appropriate to Ensure Adherence to Automatic Stay, Anti-Discrimination, and *Ipso Facto* Provisions of the Bankruptcy Code.**

8.      As a result of the commencement of the chapter 11 case, and by operation of section 362 of the Bankruptcy Code, the automatic stay enjoins all entities from, among other things, taking any action to obtain possession of property of the estate or to exercise control over property of the estate.[1]  The injunction contained in section 362 is a core protection for debtors, providing them with a "breathing spell from [their] creditors" that is essential to a debtor's ability to reorganize successfully.[2]

9.      Given its fundamental importance to a debtor's reorganization, courts have broadly construed the automatic stay provision of section 362 of the Bankruptcy Code and have recognized the extraterritorial reach of the automatic stay.[3]

10.     As a corollary to the protection afforded by the automatic stay, section 365(e)(1)(B) of the Bankruptcy Code prohibits counterparties to contracts with a debtor from terminating those contracts because of a debtor's bankruptcy filing.  Specifically, section 365(e)

---

[1]  See 11 U.S.C. § 362(a)(3).

[2]  *See Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982).

[3]  *See, e.g.*, *In re Nortel Networks, Inc.*, 669 F.3d 128, 138 (3d Cir. 2011) (upholding the bankruptcy court's decision to enforce the automatic stay extraterritorially); *In re Bernard L. Madoff Inv. Secs. LLC*, 2012 WL 1570859 (S.D.N.Y. May 4, 2012) (upholding extraterritorial enforcement of the automatic stay and injunction barring foreign creditor's lawsuit); *In re Simon*, 153 F.3d 991, 996 (9th Cir. 1998) ("Given this clear expression of intent by Congress in the express language of the Bankruptcy Code, we conclude that Congress intended extraterritorial application of the Bankruptcy Code as it applies to property of the estate."); *In re Nakash*, 190 B.R. 763, 768 (Bankr. S.D.N.Y. 1996) ("[B]ased upon the applicable Code sections [and] other indicia of congressional intent, . . . the automatic stay applies extraterritorially."); *In re McLean Indus.*, 74 B.R. 589, 601 (Bankr. S.D.N.Y. 1987) ("The automatic stay applies extraterritorially.").

122177348_3

of the Bankruptcy Code invalidates so-called *ipso facto* provisions, which provide for the termination of a contract upon a bankruptcy filing.[4]

11.    Bankruptcy courts have applied section 365(e)(1) liberally, such that provisions modifying or terminating the relationships of the contracting parties due to the filing of a bankruptcy case are "broadly unenforceable." *In re AMR Corp*., 730 F.3d 88, 106 (2d Cir. 2013) (citing *In re Lehman Bros. Holdings Inc*., 422 B.R. 407, 414 (Bankr. S.D.N.Y. 2010)).

12.    Under section 525(a) of the Bankruptcy Code, "governmental units,"—defined, in section 101(27), to include not only a municipality but also a foreign state or other foreign government, as well as their departments, agencies, or instrumentalities—are prohibited from, among other things, denying, revoking, suspending, or refusing to renew licenses, permits, charters, franchises, or other similar grants held by a chapter 11 debtor on the basis that the debtor has failed to pay a dischargeable debt, commenced a chapter 11 case, or was insolvent prior to the commencement of such case.[5]

13.    Finally, all interests of a debtor in property held as of the commencement of a chapter 11 case automatically become property of the estate and any restrictions or conditions on the transfer of such interests are unenforceable.[6]

---

[4] Section 365(e)(1)(B) of the Bankruptcy Code provides (subject to certain limited exceptions) that:
> Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on . . . the commencement of a case under this title.

11 U.S.C. § 365(e)(1)(B).

[5] *See* 11 U.S.C. § 525(a); *see also NextWave Pers. Commc'ns*, 537 U.S. 293, 308 (holding the Federal Communications Commission could not cancel a debtor's broadcasting license due to non-payment of licensing fees during the bankruptcy process).

[6] *See* 11 U.S.C. § 541(c)(1).

14.     Although application of the protections afforded a debtor by sections 362, 365, 525, and 541 is automatic with the filing of a chapter 11 petition, not all parties affected or potentially affected by the commencement of this chapter 11 case are aware of these statutory provisions or their significance and global impact.  This is particularly true where, as here, certain Debtor affiliates are incorporated outside the United States and have assets located abroad, and the Debtor conducts a significant amount of business overseas and has valuable assets in foreign jurisdictions.  Thus, it is essential to advise parties outside the United States of the existence, reach, and effects of these provisions.  Indeed, in the event the Proposed Order is not entered, parties located in foreign jurisdictions may inadvertently take action against the Debtor or its property in violation of sections 362 and 365 of the Bankruptcy Code, including attempting to seize assets due to non-payment of prepetition claims and the actions of parties hostile to the estate that are seeking to convert assets preserved by the automatic stay and the filing of the Petition.  Any such violation may disrupt the Debtor's business and impair its ability to successfully preserve its assets and maximize value for stakeholders.

15.     Section 105(a) of the Bankruptcy Code, moreover, authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[7]

16.     Bankruptcy courts in this district and elsewhere have entered orders restating and enforcing the protections set forth in sections 362, 365, 525, and 541 of the Bankruptcy Code under comparable circumstances.[8]  Given the critical importance of ensuring the Debtor's assets

---

[7]  11 U.S.C. § 105(a).
[8]    *See, e.g.*, *In re GCX Limited,* No. 19-12031 (CSS) (Bankr. D. Del. Sept. 15, 2019); *In re The Relay Shoe Company, LLC,* Case No. 18-11145 (LSS) (Bankr. D. Del. May 15, 2018); *In re VER Technologies Holdco LLC,* Case No. 18-10834 (KG) (Bankr. D. Del. May 4, 2018) *In re Maurice Sporting Goods, Inc.,* No. 17-12481 (CSS) (Bankr. D. Del. Nov. 21, 2017); *In re TK Holdings, Inc.,* No. 17-11375 (BLS) (Bankr. D. Del. June 27, 2017); *In re Sears Holdings Corporation,* No. 18-23538 (RDD) (Bankr. S.D.N.Y Oct. 15, 2018);

are preserved and non- U.S. operations are not undermined by noncompliance with U.S. bankruptcy law, similar relief is appropriate here.

17.     Accordingly, the Debtor respectfully requests that the Court enter the Proposed Order in the form attached hereto, which restates the applicable provisions of sections 362, 365, 525, and 541 of the Bankruptcy Code and makes clear that those provisions are applicable to all creditors and parties in interest.

18.     The Debtor further seeks authority, pursuant to sections 105(a), 362(a), and 362(d) of the Bankruptcy Code, to modify the automatic stay, solely to the extent the Debtor deems appropriate in its sole discretion, to proceed with litigation or contested matters — many of which may proceed in jurisdictions outside the United States and involve non-debtors.[9]

19.     Cause exists to modify the stay in these limited actions because such relief will permit the Debtor to choose to defend actions and contested matters that are the subject of ongoing disputes, whether reduced to litigation or pending in other proceedings in venues outside the United States or those that may soon commence.  Such relief would permit the Debtor to liquidate certain claims more efficiently and in accordance with applicable law as well as preserve assets that are in peril of dissipation or dilution of value.

## **Reservation of Rights**

20.     Nothing contained in this motion or any actions taken by the Debtor pursuant to relief granted in an order approving this motion is intended or should be construed as:  (a) an admission as to the validity, priority, or amount of any particular claim against the Debtor; (b) a waiver of the Debtor's or any other party in interest's rights to dispute any particular claim on

---

[9]  *See U. S. Ass'n of Tex. v. Timbers of Inwood Forest Assoc.*, 484 U.S. 365, 370 (1988) (holding that parties in interest may file for relief from the automatic stay); *United States v. State St. Bank & Tr. Co.*, Adv. No. 01- 04605, 2002 WL 417013, at *2 (Bankr. D. Del. Mar. 4, 2002) (noting that section 1109 includes debtors and holding that argument that debtor is not a proper party in interest "clearly contravenes the plan language" of the statute).

122177348_3

any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this motion are valid and the Debtor and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens.

## Notice

19.     The Debtor will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) counsel to the Debtor's secured lenders; (d) the United States Attorney's Office for the District of Delaware; and (e) any other parties entitled to notice pursuant to Local Rules 2002-1(b) and 9013-1(m).  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

Dated: _____        _____

**DILWORTH PAXSON LLP**
Martin J. Weis (No. 4333)
704 N. King Street, Suite 500
P.O. Box 1031
Wilmington, DE 19899-1031
Telephone: (302) 571-9800
Facsimile: (302) 655-1480

-and-

7

122177348_3

**DILWORTH PAXSON LLP**
Lawrence G. McMichael (*admitted pro hac vice*)
Anne M. Aaronson (*admitted pro hac vice*)
Yonit A. Caplow (*admitted pro hac vice*)
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone:  (215) 575-7000
Facsimile:  (215) 575-7200

*Proposed Counsel for the Debtor and Debtor in
Possession*