**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc.,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 21-10433 (KBO)<br><br>**Hearing: Apr. 22, 2020 at 2:00 pm (EST)**<br>**Re: D.I. No. 48** |

**OBJECTION OF SLS HOLDINGS VI, LLC AND SEECUBIC, INC. TO DEBTOR'S AMENDED MOTION FOR ENTRY OF AN ORDER ESTABLISHING DEADLINES AND PROCEDURES FOR FILING PROOFS OF CLAIM AND <u>APPROVING THE FORM AND MANNER OF NOTICE THEREOF</u>**

      SLS Holdings VI, LLC, ("**SLS**"), the Debtor's senior secured creditor, and SeeCubic, Inc. ("**SeeCubic**" and, together with SLS, "**Movants**") by and through their undersigned attorneys, hereby object (this "**Objection**") to the *Debtor's Amended Motion for Entry of an Order (1) Establishing Deadlines and Procedures for the Filing of Proofs of Claim and Approving the Form and Manner of Notice Thereof* [D.I. 48] (the "**Motion**"), filed by Stream TV Networks, Inc. (the "**Debtor**" or "**Stream**"), and respectfully state as follows:

<u>**PRELIMINARY STATEMENT**</u>

      1.      This Chapter 11 case was filed in bad faith and a Motion to Dismiss[1] the case is currently pending. The Movants have likewise filed an Omnibus Objection [D.I. 59] to a number of other applications/motions filed by Debtor, including an *Application to Retain Dilworth Paxson LLP* [D.I. 15], a *Motion for Authorization to Continue Insurance Coverage Entered Into Pre-Petition* [D.I. 16], and a *Motion to Approve Debtor in Possession Financing* [D.I. 30] (collectively the "**Initial Motions**"). The Court held an initial hearing on those objections, and determined that

---

[1] *Motion of SeeCubic, Inc. and SLS Holdings VI, LLC for Entry of An Order Dismissing Debtor's Chapter 11 Case* [D.I. 46] ("**Motion to Dismiss**").

1

in light of the pending Motion to Dismiss, it was premature to consider the Debtor's Initial Motions, before resolution of the Motion to Dismiss.

2. As set forth in more detail in Movants' Motion to Dismiss and Omnibus Objection, as well as in the U.S. Trustee's Objections and Motion to Dismiss[2], substantially all of the Debtor's assets were transferred to SeeCubic more than five months before the commencement of this Chapter 11 case pursuant to the Omnibus Agreement that has been validated by the Delaware Court of Chancery as recently as December 8, 2020. The Debtor's bankruptcy was filed in bad faith, as part of an improper effort to obtain a tactical litigation advantage, and there is nothing for the Debtor to accomplish in a Chapter 11 case.

3. Movants maintain that this case should be dismissed, and as such, the Debtor's present Motion should be denied as unnecessary. Alternatively, as it did with Debtor's Initial Motions and the Movants' Omnibus Objection, the Court should delay consideration of the Motion until after the Court rules on the pending Motions to Dismiss.

## PROCEDURAL HISTORY

4. On February 24, 2021 (the "**Petition Date**"), Stream TV Networks, Inc. (the "**Debtor**," or the "**Company**") filed a voluntary petition for relief under chapter 11 of the Code.

5. On February 25, 2021, the Debtor filed the *Application to Retain Dilworth Paxson LLP* ("**Dilworth Retention Application**") [D.I. 15], and the *Motion for Authorization to Continue Insurance Coverage Entered Into Pre-Petition* [D.I. 16].

6. On March 1, 2021, the Debtor filed the *Motion to Approve Debtor in Possession Financing* ("**DIP Financing Motion**") [D.I. 30].

7. On March 12, 2021, Movants filed their Motion to Dismiss [D.I. 46].

---

[2] In further support of this Objection, Movants hereby incorporate the Motion to Dismiss as if fully set forth herein.

8. On March 12, 2021, the Debtor filed the *Amended Motion for Entry of an Order (1) Establishing Deadlines and Procedures for the Filing of Proofs of Claim and Approving the Form and Manner of Notice Thereof* [D.I. 48].

9. On March 15, 2021, Movants filed their *Omnibus Objection to Debtor's Initial Motions* [D.I. 56].

10. On March 18, 2021, the U.S. Trustee also filed objections to the Debtor's Initial Motions [D.I. 68 & 69].

11. On March 22, 2021, this Court adjourned the hearing on Debtor's Initial Motions and the related objections thereto, until the Court ruled on the Motion to Dismiss.

12. On March 24, 2021, the U.S. Trustee filed a *Motion for an Order Dismissing or Converting the Case to a Chapter 7* [D.I. 84].

## **ARGUMENT**

13. Debtor's Motion seeks entry of an Order establishing deadlines and procedures for filing proofs of claim, approving the Debtor's proposed form for the notice of deadlines and procedures for filing proofs of claim, and approved the proposed manner and sufficiency of service of the claim bar date notice.

14. In light of the pending Motions to Dismiss, which explain that this case was filed in bad faith and should therefore be dismissed, it is premature to proceed with establishing any claim bar dates, or otherwise proceed with sending out notice of the same to any potential claimholders.

15. The approval of Debtor's proposed claim deadlines, claim submission procedures, notice of bar dates, and the mailing of notices to any potential claimholders, is wholly unnecessary

in light of this case being subject to dismissal for all the reasons set forth in Movants' and the U.S. Trustee's Motions to Dismiss.

16. The Debtor should not be permitted to incur additional unnecessary costs mailing notices to any potential claimants when this case is subject to dismissal. Further, any potential claimholders should not unnecessarily receive claims bar date notices or procedures for submitting claims in a case that is subject to dismissal and should not be proceeding in this Court.

17. As such, Movants object to Debtor's Motion, and request that the Court deny the same as presently unnecessary and premature. Alternatively, Movants request that the Court similarly reserve consideration of Debtor's Motion until after it resolves the Movants' and U.S. Trustee's pending Motions to Dismiss Debtor's Chapter 11 Case.

## RESERVATION OF RIGHTS

18. Movants reserve the right to amend or supplement this Objection, to introduce evidence supporting this Objection at any related hearing, and to file additional and supplemental objections.

## LOCAL RULE 9013-1(h) STATEMENT

Movants consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

WHEREFORE, for all of the foregoing reasons, Movants respectfully request that the Court deny the Motion or alternatively reserve consideration of the same until after the Motions to

Dismiss are ruled on, and grant such other and further relief as the Court deems just and proper.

Dated: March 26, 2021
       Wilmington, Delaware

| ROBINSON & COLE LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
|---|---|
| */s/ Davis Lee Wright* | */s/ Jason M. Liberi* |
| Davis Lee Wright (No. 4324) | Joseph O. Larkin (I.D. No. 4883) |
| James F. Lathrop (No. 6492) | Jenness E. Parker (I.D. No. 4659) |
| 1201 N. Market Street, Suite 1406 | Jason M. Liberi (I.D. No. 4425) |
| Wilmington, DE 19801 | 920 N. King Street, One Rodney Square |
| Telephone: (302) 516-1700 | Wilmington, Delaware 19801 |
| | Telephone: (302) 651-3000 |
| -and- | |
| | - and - |
| QUARLES & BRADY LLP | |
| Brittany S. Ogden (admitted *pro hac vice*) | Eben P. Colby (admitted *pro hac vice*) |
| 33 East Main Street Suite 900 | Marley Ann Brumme (admitted *pro hac vice*) |
| Madison, Wisconsin 53703 | 500 Boylston Street, 23rd Floor |
| Telephone: (608) 251-5000 | Boston, Massachusetts 02116 |
| | Telephone: (617) 573-4800 |
| Brandon M. Krajewski (admitted *pro hac vice*) | |
| 411 East Wisconsin Avenue Suite 2400 | *Counsel for SeeCubic, Inc.* |
| Milwaukee, Wisconsin 53202 | |
| Telephone: (414) 277-5000 | |
| | |
| Alissa Brice Castañeda (admitted *pro hac vice*) | |
| Gabriel M. Hartsell (admitted *pro hac vice*) | |
| One Renaissance Square | |
| Two North Central Avenue | |
| Phoenix, Arizona 85004 | |
| Telephone: (602) 229-5200 | |
| | |
| *Counsel for SLS Holdings VI, LLC* | |