UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
                                    .  Chapter 11
IN RE:                              .
                                    .  Case No. 21-10433(KBO)
STREAM TV NETWORKS, INC.,           .
                                    .
                                    .  824 Market Street
                                    .  Wilmington, Delaware 19801
                   Debtor.   .
. . . . . . . . . . . . . . . .  Thursday, April 15, 2021
```

TRANSCRIPT OF STATUS CONFERENCE RE:
MOTION OF SEECUBIC, INC. AND SLS HOLDINGS VI, LLC, FOR AN
ORDER DISMISSING DEBTOR'S CHAPTER 11 CASE
BEFORE THE HONORABLE KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES VIA ZOOM:

```
For the Debtor:              Martin J. Weis, Esq.
                             Lawrence G. McMichael, Esq.
                             Anne M. Aaronson, Esq.
                             DILWORTH PAXSON, LLP


For the U.S. Trustee:        Rosa Sierra, Esq.
                             OFFICE OF THE U.S. TRUSTEE


For the Official Committee
of Unsecured Creditors:      Christopher Samis, Esq.
                             POTTER, ANDERSON & CORROON, LLP
```

(Appearances Continued)

```
Audio Operator:              Electronically Recorded
                             by Lisa Brown, ECRO

Transcription Company:       Reliable
                             1007 N. Orange Street
                             Wilmington, Delaware 19801
                             (302)654-8080
                             Email:  gmatthews@reliable-co.com
```

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

APPEARANCES VIA ZOOM:   (Continued)

For Visual Technology
Innovations, Inc.:              David Going, Esq.
                                John Sten, Esq.
                                Jonathan Stemerman, Esq.
                                Rafael Zahralddin-Aravena, Esq.
                                ARMSTRONG TEASDALE, LLP

For SeeCubic, Inc.:             Jason Liberi, Esq.
                                Marley Ann Brumme, Esq.
                                Cameron Fee, Esq.
                                Eben Colby, Esq.
                                Joseph Larkin, Esq.
                                Carl Tullson, Esq.
                                SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM, LLP

For SLS Holdings IV, LLC:       Davis Wright, Esq.
                                James Lathrop, Esq.
                                ROBINSON & COLE, LLP

                                Gabriel Hartsell, Esq.
                                Brittany Ogden, Esq.
                                QUARLES & BRADY

For Iiunumia Guage:             Daniel Brogan, Esq.
                                BAYARD, PA

For Endeavor:                   Jennifer Hoover, Esq.
                                BENESCH, FRIEDLANDER, COPLAN
                                 & ARONOFF

Also Appearing:                 Richard Riley, Esq.
                                WHITEFORD, TAYLOR & PRESTON

                                Isabelle Mercier
                                ENDEAVOR

                                Charles Robertson
                                STREAM ACQUISITION GROUP

                                Uday Gorrepati
                                "ABI PROJECT"

                                Daniel Rink, *Pro Se*

                                Kaushik Banerjee, *Pro Se*

(Appearances Continued)

APPEARANCES VIA ZOOM:   (Continued)

Also Appearing:                     Leo Riley, *Pro Se*

                                    Vince Sullivan
                                    LAW 360

                                    Leslie Pappas
                                    BLOOMBERG

                                    Taylor Harrison
                                    DEBTWIRE

                                    Becky Yerak
                                    WALL STREET JOURNAL

                                    Jose Lugo, Law Clerk
                                    U.S. BANKRUPTCY COURT

INDEX

Page

STATUS BY MR. LARKIN                                    5

COMMENTS BY MR. WEIS                                    7

COMMENTS BY MR. SAMIS                                   7

SCHEDULING                                             13

1    (Proceedings commence)

2           THE COURT:  Good afternoon, Counsel.  This is Judge

3    Owens.  We're gathered today for a hearing in Stream TV.  I

4    think we only have a status conference in the pending and

5    main case regarding motions to dismiss.

6           But why don't I turn it over to counsel for the --

7    counsel, to let me know what we're going to be talking about

8    today.

9           MR. LARKIN:  Good afternoon, Your Honor.  This is

10   Joe Larkin from Skadden on behalf of SeeCubic, Inc.  We are

11   the movant on the motion to dismiss, so I'm happy to take the

12   lead here, if that's okay.

13          THE COURT:  That's fine.

14          MR. LARKIN:  Great.

15          Your Honor, I actually think that there's only a

16   couple of housekeeping items to talk about with Your Honor

17   today.  I think the parties to the motion have been working

18   diligently to get through discovery and deal with sort of the

19   outstanding scheduling issues.

20          As Your Honor knows, there was -- a committee was

21   appointed just in the last 48 hours, I believe.  We have been

22   working with the committee's counsel at Potter Anderson.  We

23   held an informational call with Mr. Samis yesterday,

24   providing him with some of the relevant pleadings and the

25   draft copy stip and the proposed scheduling order, all of our

1    document productions.  And he was invited to and did

2    participate in a meet-and-confer with the parties last night

3    regarding discovery.

4          SeeCubic fully supports the committee's full

5    participation here in the motion to dismiss.  And I won't

6    speak for Mr. Samis, but my understanding is that the

7    committee would like to participate in the trial on the

8    motion to dismiss and is -- has agreed to a ten-to-fourteen-

9    day adjournment of the April 26th contested hearing, so that

10   it can get up to speed and participate in the depositions and

11   file a brief; you know, whether it's for or against, I don't

12   know at this point, but some type of responsive pleading to

13   the motion before the hearing.

14         The movants are in support of that.  We would

15   support a ten-to-fourteen-day extension.  We really don't

16   want to go much beyond that.  I think the debtor agrees with

17   that, that we do want to get this motion heard.  And we can

18   adjust the interim dates in the draft scheduling order to

19   push the depositions out a few days and, you know, sort of

20   re-jigger the dates for reply briefs. But we're, I think,

21   largely in agreement on those issues, Your Honor.

22         THE COURT:  Okay.  Let me hear from the debtors on

23   that, as well, then.

24         MR. WEIS:  Good afternoon, Your Honor.  Martin Weis

25   on behalf of the debtor.

1          We are largely in agreement with what Mr. Larkin is

2     saying.  We agree that the committee has a right to be heard

3     on the issue.  And you know, and we're willing to work with

4     them on revising the schedule for about, you know, a ten-to-

5     fourteen-day window, to allow them to get up to speed.

6          THE COURT:  Okay.  Have you had any correspondence

7     with my chambers regarding an adjourned date?

8          MR. LARKIN:  Not yet, Your Honor.

9          THE COURT:  Okay.  Mr. Samis, hello.  Welcome to

10    the proceedings.  I see --

11         MR. SAMIS:  Your Honor -- Your Honor, can you hear

12    me?

13         THE COURT:  I can, Mr. Samis.

14         MR. SAMIS:  Thank you.  Your Honor, for the record,

15    Chris Samis from Potter, Anderson & Corroon, here today as

16    proposed counsel for the Official Committee of Unsecured

17    Creditors.

18         I agree, largely, with the statements that were

19    made previously by SeeCubic's counsel and the debtor's

20    counsel.  But I thought it would helpful just to give Your

21    Honor a little idea of who the committee is in this case, the

22    context of where we find ourselves, and the asks that we made

23    and why we made them and just to expound upon them a little

24    bit, if Your Honor would entertain me in that regard.

25         THE COURT:  That is fine.

1          MR. SAMIS:  Okay.  I appreciate it, Your Honor.

2          So the committee is a three-member committee, Your

3     Honor.  It consists of a trade creditor and two service

4     providers.  It formed late, in part, because some of the

5     service providers are smaller, less sophisticated entities.

6     And many of the trade vendors that we find ourselves dealing

7     with in the case are foreign.  So it's not unexpected, when

8     you're dealing with a constituency like this, to see some

9     late-in-the-game interest.

10          That is not a criticism of the United States

11     Trustee in any way, shape, or form.  I will say that Ms.

12     Sierra sprung into action once she had the sufficient number

13     of questionnaires and got a committee formed as timely as she

14     possibly could, under the circumstances.

15          We were selected as counsel at approximately 11

16     a.m. yesterday.  And after dealing with some organizational

17     matters and having an initial committee meeting, I spent most

18     of the rest of my day on phone calls with the primary

19     parties-in-interest in the case, including SeeCubic and

20     including the debtors and VTI.

21          I did attend a meet-and-confer on the scheduling

22     and the discovery in connection with the motion to dismiss at

23     approximately 3 p.m, and what SeeCubic represents is

24     absolutely correct.  They began producing documents to me in

25     -- under the auspices of the local rule on confidentiality,

1    virtually, immediately, as did the debtors and as did VTI.

2    So, in that regard, I have nothing to complain about.  The

3    parties have been very cooperative through this point.

4         The -- on that meet-and-confer call, we did make

5    five asks, and those asks, just to give a little bit more

6    color on them, were as follows:

7         We asked to be made a party to the discovery and

8    the scheduling stipulation order in the appropriate places.

9    Obviously, those documents are still in flux, but the

10   agreement in principle has yet to be memorialized, but we'll

11   review that.

12        We wanted to receive documents, participate in

13   depositions, and the like.  And we wanted clarification that

14   committee membership could see certain documents that were

15   produced.  Again, we'll get the language.  We don't have

16   anything yet, but it sounds like we're in substantial

17   agreement there.

18        We were also okay with proceeding with today's

19   status conference.  We just didn't want any orders, you know,

20   submitted in connection with the status conference that we

21   didn't have an adequate opportunity to review.  Nothing was

22   circulated prior to the hearing, so it doesn't seem like

23   that's going to be an issue.  I'm sure everyone will review

24   and comment and work out the language, as necessary.

25        And we did ask for the brief ten-to-fourteen-day

1    extension of the hearing on the motions to dismiss/convert

2    that was set for April 26th, subject to Your Honor's

3    availability.  I think the -- you know, the reason for that

4    is obvious.  We are drinking from the proverbial fire hose

5    here.  You know, I find myself, in the line of work that I

6    primarily do, making that comment on the front end of almost

7    every case.

8         But I think that it's exceptionally relevant under

9    these facts and circumstances because we're dealing with

10   motions here that are not only -- not only that have already

11   been briefed by the other parties-in-interest, due to the

12   late formation of the committee, but that have -- that are

13   also case dispositive, and as the matter -- potentially --

14   and as the matter stands now, potentially recovery

15   dispositive for my constituency.

16        So it's not as if we're dealing with, you know,

17   timing on a 363 sale, and later on, I'll have the ability to

18   come in and make all of the further arguments and try to

19   increase my client's recovery from 12 cents to 15 cents in a

20   plan context.  Rather, here, what's on the table currently is

21   essentially a zero recovery for general unsecured creditors,

22   to the extent that the motions to dismiss are grated, or

23   really the cases are converted because I'm not sure how we

24   see recovery in that scenario, either.  But all that said,

25   that appears to have also been consented to at this stage.

1           We also asked for an attendant short adjournment of

2      the depositions, and they're rescheduling, you know, much for

3      the same reasons.

4           And then, finally, we requested a meaningful

5      opportunity to respond in the form of a reply pleading,

6      obviously granting all of the other parties an opportunity to

7      surreply, so that all of the issues are fully vetted.

8           But I think Your Honor under -- and those were our

9      five asks.  I think Your Honor understands them in the

10     context of, you know, this is something that is simply too

11     important to our constituents -- to our constituency to not

12     meaningfully analyze and brief and have the full benefit of

13     adequate due process in order to get that done.  And I

14     commend the parties for it seems like largely getting there.

15     I don't want to put words in anyone's mouth.  But it seems

16     like our -- you know, subject to documentation, our core

17     concerns have been addressed.

18          The only other thing -- well, you know, I spent the

19     evening reading the rest of the submissions.  Obviously, we

20     do have significant concerns with the Chancery Court opinion

21     that at least ostensibly has been alleged to the omnibus

22     agreement -- or the so-called "omnibus agreement."  And we've

23     read -- I spent last -- yesterday evening reading the

24     parties' submissions in connection with the motions to

25     dismiss.

1          There's a lot of ways, I think, that this case

2     could go between here and now.  Maybe there are some creative

3     solutions that can be found to -- you know, to resolve those

4     motions, maybe even if movants like their chances on the

5     motions.  But I would just, you know, preliminarily comment

6     that the way that this is structured now, it appears that

7     assets have been moved from one entity to another entity.

8     And that entity -- and the value of those assets at least

9     appears to be running to certain select former equity holders

10    of the debtors and the debtors' secured creditors and jumping

11    over about $20 million of unsecured debt.

12          You know, that's neither here, nor there.  We'll

13    discuss that in depth, I'm sure, in the context of the

14    motions to dismiss.  But I think Your Honor sees why that

15    would be problematic for our constituency.  And that is the

16    place at which we find ourselves today.  But we'll get there

17    when we get there.  And I, for one, am happy to dive in and

18    work to get that done.

19          So those -- that's my statement, Your Honor, for

20    today.  And unless Your Honor has questions, I'd turn it back

21    over to other folks to comment on the email that Mr. Liberi

22    sent shortly before the hearing.

23          THE COURT:  Okay.  I have no questions or comments.

24    It sounds like everyone is working productively at this stage

25    to get a schedule in place and you'll accommodate the

1  committee, so that's very helpful.

2       Before we turn to the remaining housekeeping

3  issues, I just want to take a look at my calendar to give you

4  somewhat of an expectation.  Has there been discussion on the

5  length of the trial?  I have you currently scheduled for the

6  26th, for the entirety of just one day.  Have the parties

7  discussed whether one day is adequate or do you anticipate

8  needing more than one day?

9       MR. LARKIN:  Your Honor, Joe Larkin for SeeCubic.

10  I think we still anticipate only needing one day.  The

11  parties have contemplated that direct testimony would come in

12  through declarations, and so I just anticipate it being

13  cross-examination.  There should be, right now, five

14  witnesses:  Three fact witnesses and two -- I believe two

15  legal expert witnesses have been identified.  So I think one

16  day should be sufficient.

17       THE COURT:  Okay.

18       MR. MCMICHAEL:  Your Honor, Larry McMichael for the

19  debtor.  We agree.  I think one day is plenty of time, we can

20  get through this.

21       THE COURT:  Okay.  Great.  All right.  Well, with

22  that in mind, let me take a look at my schedule.  I can

23  accommodate you on -- I guess it would be a fourteen-day

24  adjournment, which is the outer time period of what everyone

25  would like.  But I can give you the full day on Monday the

1  10th.

2          MR. LARKIN:  SeeCubic is available on Monday the

3  10th, Your Honor.

4          THE COURT:  Okay.  I guess I'm not asking you all

5  to agree on it now, you can look at your schedules.

6          MR. LARKIN:  Understood.

7          THE COURT:  Are you -- I think over the last

8  hearing we discussed the scheduling order, and it sounds as

9  if one is being sent around.  So, if the 10th is not

10  acceptable to the parties, to all of the parties, then reach

11  --  you'll have to reach back out to chambers and get another

12  date to insert into that scheduling order.  I just don't have

13  a day to give you and I would need to reschedule hearings.

14  And I don't know whether I can do that, depending on what's

15  being heard at those hearings.  So it seems as if the 10th is

16  really the only day within the fourteen-day period that I

17  could -- that I could give you.  Okay?  So, hopefully, it

18  works.

19          And let's schedule a start time at 9:30, depending,

20  of course, to everybody's availability.

21      (Pause in proceedings)

22          THE COURT:  Okay.  Okay.  Well, then it sounds as

23  if we just have a few housekeeping matters, that's what Mr.

24  Larkin said, so I'll turn it over to the parties, and however

25  you'd like to present those would be great.

1         MR. LARKIN:  Your Honor, Joe Larkin for SeeCubic.

2         I actually think the only -- on the scheduling

3    order, it has been bouncing around between the parties.

4    Obviously, the dates will slide now.  I would like, maybe by

5    Monday, no later than Monday, if we don't have a scheduling

6    order that's agreed to by the parties, that we could submit

7    competing orders and Your Honor could enter the order that

8    makes the most sense.  I just don't want to leave it out

9    there if we can't resolve these small issues.

10        And the same goes for the confidentiality

11   stipulation that the parties have been negotiating.  There

12   is, I think, one outstanding issue there that we continue to

13   discuss whether it's going to be a two-tier or a single-tier

14   confi stip and, frankly, who is permitted to see highly

15   confidential and confidential information.  So I think we're

16   working through those issues, but we may be submitting

17   competing orders to Your Honor in the next couple of days, if

18   we can't get there.

19        THE COURT:  Well, that's fine.

20        MR. LARKIN:  Okay.

21        THE COURT:  That's an efficient way to do it, so

22   I'm fine with that.

23        MR. LARKIN:  Great.

24        Your Honor, that's all SeeCubic had for today's

25   conference.  I don't know, obviously, if the debtor has

1    anything they need to raise.

2            MR. WEIS:  Your Honor, Martin Weis for the debtor.

3            Just in terms of scheduling, because we are moving

4    things off of the 26th, there are -- that was also identified

5    as an omnibus date.  And so what I would propose to do -- and

6    I've discussed this with Mr. Liberi previously -- is that we

7    would move everything off of that date to the 10th, or

8    whatever date it is that we land on, in terms of things, and

9    send -- and I will re-notice -- I'll re-notice the

10   adjournment of that, and the May 10th date will also

11   technically be an omnibus date, as well.

12           THE COURT:  Okay.  That's fine.  Let me look at my

13   calendar.

14           I also have some runoff overtime I could give you

15   on the 11th, not much, but I could give it to you.  I'm

16   probably going to have a contested confirmation hearing on

17   the 12th, and then I am not in the office on the 13th and the

18   14th.  So I'd like to give the parties sort of an

19   understanding of there's going to be limited time that week.

20   So try to keep to the -- try to keep to the 10th, and then I

21   can give you a few hours on the 11th, depending on how things

22   shake out.

23           MR. WEIS:  Your Honor, would it make sense then to

24   have the omnibus date moved to the 11th, or would you rather

25   not commit to that at this point?

1     THE COURT:  Whatever -- you know what?  Let's just

2 reserve time, let's get time on the calendar.  So why don't

3 we do this?  Why don't we -- I'll give you the 10th at 9:30

4 a.m., with a date -- with a holdover time at three o'clock to

5 five o'clock on the 11th.

6     (Pause in proceedings)

7     THE COURT:  Okay.  Is there anything else that we

8 should discuss in anticipation of the rescheduled trial?

9     (No verbal response)

10     THE COURT:  Okay.  I'm not hearing anything.

11     I am available if issues pop up.  I certainly will

12 entertaining competing forms of order, but hopefully you're

13 able to get there one whatever open issues there are.  And if

14 anything pops up in the interim, contact chambers, relay what

15 the issue is, and Ms. Lopez will get in touch with me and

16 I'll give you guidance on what I need or what I want.  So, if

17 issues come up in the process of discovery, I'm happy to

18 address those at your convenience.  Okay?

19     So, with that, we'll consider the hearing

20 adjourned.  And I hope everyone is well and continues to be

21 well.  Really good to see you.  Hopefully, I'll get to see

22 you all in person soon.  All right?  Take care.  Be well.

23     COUNSEL:  Thank you, Your Honor.  Thank you, Your

24 Honor.

25     (Proceedings concluded)

1                          CERTIFICATION

2              I certify that the foregoing is a correct

3     transcript from the electronic sound recording of the

4     proceedings in the above-entitled matter to the best of my

5     knowledge and ability.

6

7

8

9

10

11    _____        April 15, 2021

12    Coleen Rand, AAERT Cert. No. 341

13    Certified Court Transcriptionist

14    For Reliable