# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc.,<br><br>    Debtor. | Chapter 11<br><br>Case No. 21-10433 (KBO)<br><br>**Hearing Date: May 10, 2021 at 9:30 a.m.**<br>**Objection Deadline: May 10, 2021 at 9:30 a.m.**<br><br>**Related Docket Nos.: 46, 47, 84, 100, 101, 159, 163, 164, 170, & 172** |

**MOTION OF SEECUBIC, INC. AND SLS HOLDINGS VI, LLC TO FILE UNDER SEAL (A) CERTAIN PORTIONS OF THE OMNIBUS REPLY OF SEECUBIC, INC. AND SLS HOLDINGS VI, LLC IN SUPPORT OF MOTION FOR AN ORDER DISMISSING DEBTOR'S CHAPTER 11 CASE, AND (B) EXHIBIT 2 OF THE SUPPLEMENTAL DECLARATION OF SHADRON L. STASTNEY IN SUPPORT OF MOTION OF SEECUBIC, INC., AND SLS HOLDINGS VI, LLC FOR AN ORDER DISMISSING DEBTOR'S CHAPTER 11 CASE**

SeeCubic, Inc. ("**SeeCubic**") and SLS Holdings VI, LLC ("**SLS**," and together with SeeCubic, the "**Movants**"), by and through their undersigned counsel, hereby submit this motion (the "**Sealing Motion**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the Movants to seal (a) portions of, and certain exhibits attached to, the *Omnibus Reply of SeeCubic, Inc. and SLS Holdings VI, LLC in Support of Motion for an Order Dismissing Debtor's Chapter 11 Case* (the "**Reply**") [D.I. 172] and (b) Exhibit 2 of the *Supplemental Declaration of Shadron L. Stastney in Support of Motion of SeeCubic, Inc., and SLS Holdings VI, LLC for an Order Dismissing Debtor's Chapter 11 Case* [D.I. 170] (the "**Stastney Supplemental Declaration**"). In support of the Sealing Motion, the Movants respectfully represent the following:

## RELIEF REQUESTED

1. By this Sealing Motion, the Movants request entry of the Proposed Order authorizing the Movants to file under seal those portions of the Reply at D.I. 172, and an exhibit to the Stastney Supplement Declaration, that contain confidential information and were redacted pursuant to the Proposed Redacted Documents (as defined in Local Rule 9018-1(d)(ii)) filed contemporaneously herewith (the redacted portions being the "**Sealed Material**"). The Movants request that the Sealed Material remain under seal and not be made available to anyone other than the Court, the Debtor, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), the Official Committee of Unsecured Creditors (the "**Committee**"), and Visual Technology Innovations, Inc. ("**VTI**"), except as ordered by the Court.[1]

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider the Sealing Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of the Sealing Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "**Local Rules**"), the Movants consent to the entry of a final judgment or order with respect to this

---

[1] On May 5, 2021, the Movants provided an unredacted version of the Reply to the Debtor, the U.S. Trustee, the Committee, and VTI.

Sealing Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

4. The statutory and legal predicates for the relief sought herein are in sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9018-1.

## BACKGROUND

### A. The Chapter 11 Case

5. On February 24, 2021, Stream TV Networks, Inc. ("**Stream**" or the "**Debtor**") filed for chapter 11.

6. On March 12, 2021, the Movants filed the *Motion of SeeCubic, Inc. and SLS Holdings VI, LLC for an Order Dismissing Debtor's Chapter 11 Case* ("**Motion to Dismiss**") [D.I. 46]. On March 24, 2021, the U.S. Trustee filed the *United States Trustee's Motion for an Order Dismissing or Converting this Case to Chapter 7* [D.I. 84] (the "**UST Motion to Dismiss**," and together with the Motion to Dismiss, the "**Motions to Dismiss**").

7. On April 13, 2021, the Committee was appointed. *See Notice of Appointment of Unsecured Creditors Committee* [D.I. 121]. And on May 5, 2021, the Movants filed the Reply under seal pursuant to Local Rule 9018-1.

8. Additional factual background regarding the Debtor and the events leading to its filing of the Chapter 11 Case are set forth in the Motions to Dismiss and the Reply.

### B. The Confidentiality Stipulation And Order

9. On April 21, 2021, after the Debtor, Movants, Committee, and VTI (collectively, the "**Parties**") reached an agreement with respect to the treatment of

3

confidential material regarding the Motions to Dismiss, the Court entered the *Stipulation and Order Governing Production, Exchange and Filing of Confidential Materials* ("**Confidentiality Stipulation and Order**") [D.I. 135]. The Confidentiality Stipulation and Order governs "the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by any Party or any non-parties pursuant to discovery undertaken in connection with the Motions to Dismiss." Confidentiality Stipulation and Order at 1-2.

10. According to the Confidentiality Stipulation and Order, the Parties agreed:

> ***If any Party determines that it is appropriate to disclose or describe the substance of any Confidential Discovery Material in a motion, pleading or other document filed with or submitted to the Court including with respect to trial exhibits (collectively, a "Filing"), the Party shall seek to make such Filing under seal pursuant to applicable court rules.*** Further, the Parties shall make reasonable efforts to anticipate the need to disclose or describe the substance of Confidential Discovery Material through oral disclosure in court and to seek relief from the Court to protect the Confidential Discovery Material where appropriate.

Confidentiality Stipulation and Order ¶ 8 (emphasis added).

## BASIS FOR RELIEF REQUESTED

11. The Bankruptcy Code requires courts, in appropriate circumstances, to protect the businesses of debtor corporations by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. *See* 11 U.S.C. § 107(b); Fed. R. Bankr. P. 9018; Local Rule 9018-1(d); *see also In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (noting that the public's right

of access "is not absolute") (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)).

12. Section 107(b) of the Bankruptcy Code protects entities from potential harm caused by the disclosure of confidential information. Specifically, section 107(b) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

13. Bankruptcy Rule 9018 and Local Rule 9018-1 establish the procedures by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . .

Fed. R. Bankr. P. 9018.

14. Further, Local Rule 9018-1(d)(i) provides, in relevant part, that "any entity seeking to file a document . . . under seal must file a motion requesting such relief . . . no later than three (3) business days after the filing of the Proposed Sealed Document." Del. Bankr. L.R. 9018-1(d)(i).

15. Once a court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the bankruptcy court must issue a protective order on a motion by the affected person or party." *In re ACandS, Inc.*, 462 B.R. 88, 101 n.21 (Bankr. D. Del. 2011) (holding that "§ 107(b) imposes [a] mandatory requirement . . . . If the exception pertains [to § 107(b)], the bankruptcy court must issue a protective order on a motion by the affected person or party"), *rev'd on other grounds sub nom. In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281 (D. Del. 2013). Courts have defined "commercial information" as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27–28 (2d Cir. 1994)).

16. Protection under Bankruptcy Code section 107(b) must be granted if the information sought to be protected is commercial information. *In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 757 (D. Del. 2018) (holding that section 107(b) applies to information that is a "trade secret," "confidential commercial information," or information that is "scandalous or defamatory"), *aff'd sub nom. In re A C & S Inc.*, 775 F. App'x 78 (3d Cir. 2019). A party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *See In re Altegrity, Inc.*, No. 15¬10226 (LSS), 2015 Bankr. LEXIS 4479, at *21 (Bankr. D. Del. July 6, 2015) (approving protection where debtors "met their burden to show" that the identities of certain customers and contractors were "confidential commercial information as contemplated by section 107(b)"). If information qualifies as "commercial business

6

information" under section 107(b)(1) of the Bankruptcy Code, then the court must protect it from disclosure. *See In re ACandS, Inc.*, 462 B.R. at 101 n.21.

17. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, the Court should authorize the Movants to file the Sealed Material under seal. If the Sealed Material were disclosed in its entirety, such disclosure would potentially violate the Confidentiality Stipulation and Order. The Movants relied upon and included information in their Reply that has been designated "confidential" pursuant to the Confidentiality Stipulation and Order. The Sealed Material contains information that was designated "confidential" under the Confidentiality Stipulation and Order. Furthermore, Exhibit 2 of the Stastney Supplemental Declaration contains the identity of certain customers and contract terms that qualify as confidential commercial information under Bankruptcy Code section 107(b). Accordingly, the Movants submit that the Sealed Material should be subject to the protections of section 107(b) of the Bankruptcy Code.

18. Pursuant to Local Rule 9018-1, the Movants have filed contemporaneously herewith Proposed Redacted Documents in accordance with the Court's CM/ECF procedures and the Local Rules. Exercising reasonable efforts, the Movants' Proposed Redacted Documents leave unredacted, to the fullest extent possible, those portions of the Reply and Stastney Supplemental Declaration that the Movants reasonably believe are not subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)).

### CERTIFICATION PURSUANT TO LOCAL RULE 9018-1(d)

19. To the best of the knowledge, information, and belief of the Movants' Delaware counsel, portions of the Reply that the Movants seek to seal contain information

subject to the Confidentiality Rights of the Debtor and VTI. In drafting the Reply, the Movants relied upon information subject to the Confidentiality Stipulation and Order. Prior to filing this Sealing Motion, Movants' counsel emailed the Debtor's proposed counsel and VTI's counsel (the Holders of Confidentiality Rights) with Movants' proposed redactions regarding the Sealed Materials, in order to confer in good faith and reach an agreement concerning what information, if any, must remain sealed. Neither VTI's counsel nor the Debtor's proposed counsel responded with any objections or alternative proposals. *See* Del. Bankr. L.R. 9018-1(d)(iv)(c). Accordingly, to protect SeeCubic's commercial business information and to comply with the Confidentiality Stipulation and Order, the Movants submit that it is appropriate to file the Sealed Materials under seal.

## NOTICE

20. Notice of the Sealing Motion will be given to: (a) the U.S. Trustee (by email), (b) the Debtor's proposed counsel (by email), (c) VTI's counsel (by email), (d) the Committee's counsel (by email), and (e) all parties that have requested notice pursuant to Local Rule 2002-1(b). Under the specific facts and circumstances of this case, the Movants submit that no other or further notice should be required.

# CONCLUSION

21. The Movants respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and grant such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
May 9, 2021

| ROBINSON & COLE | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
|---|---|
| By: */s/ Davis Lee Wright* <br> Davis Lee Wright (No. 4324) <br> James F. Lathrop (No. 6492) <br> 1201 N. Market Street, Suite 1406 <br> Wilmington, Delaware 19801 <br> Telephone: (302) 516-1700 <br><br> -and- <br><br> QUARLES & BRADY LLP <br> Brittany S. Ogden (admitted *pro hac vice*) <br> 33 East Main Street Suite 900 <br> Madison, Wisconsin 53703 <br> Telephone: (608) 251-5000 <br><br> Brandon M. Krajewski (admitted *pro hac vice*) <br> 411 East Wisconsin Avenue Suite 2400 <br> Milwaukee, Wisconsin 53202 <br> Telephone: (414) 277-5000 <br><br> Alissa Brice Castañeda (admitted *pro hac vice*) <br> Gabriel M. Hartsell (admitted *pro hac vice*) <br> Michael Galen (admitted *pro hac vice*) <br> One Renaissance Square <br> Two North Central Avenue <br> Phoenix, Arizona 85004 <br> Telephone: (602) 229-5200 <br><br> *Counsel for SLS Holdings VI, LLC* | */s/ Jason M. Liberi* <br> Joseph O. Larkin (I.D. No. 4883) <br> Jenness E. Parker (I.D. No. 4659) <br> Carl T. Tullson (I.D. No. 6704) <br> Jason M. Liberi (I.D. No. 4425) <br> 920 N. King Street, One Rodney Square <br> Wilmington, Delaware 19801 <br> Telephone: (302) 651-3000 <br><br> - and – <br><br> Eben P. Colby (admitted *pro hac vice*) <br> Marley Ann Brumme (admitted *pro hac vice*) <br> 500 Boylston Street, 23rd Floor <br> Boston, Massachusetts 02116 <br> Telephone: (617) 573-4800 <br><br> *Counsel for SeeCubic, Inc.* |