**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Stream TV Networks, Inc., | : | Case No. 21-10433 (KBO) |
| Debtor. | : | |

**SUPPLEMENTAL DECLARATION OF MATHU RAJAN**
**IN SUPPORT OF DEBTOR'S OPPOSITION TO MOTIONS TO DISMISS**

I, Mathu Rajan, hereby incorporate by reference the statements made in my original Declaration Of Mathu Rajan In Support Of First Day Motions and declare under penalty of perjury:

1. I am the Chief Executive Officer of Stream TV Networks, Inc., (the "Debtor" or "Stream"), a Delaware corporation and the debtor and debtor-in-possession in the above-captioned chapter 11 case. In this capacity, I am generally familiar with the Debtor's day-to-day operations, organization, financial affairs, and books and records.

2. Except as otherwise indicated, all facts set forth herein are based upon my personal knowledge of the Debtor's operations and finances, information learned from my review of relevant documents, and information supplied to me by the Debtor's advisors. I am authorized to submit this Declaration on behalf of the Debtor, and, if called upon to testify, I could and would testify competently to the facts set forth herein.

3. I have reviewed the Declaration of Shadron L. Stastney, who was the Debtor's Chief Financial Officer from December 1, 2018 to January 30, 2020, was a former member of the Debtor's Board of Directors from approximately August 8, 2011 to December 8, 2014, was the Vice Chairman of the Debtor's Board of Directors from September 10, 2018 to January 30, 2020 and is the principal of the Debtor's senior secured lender, SLS Holdings VI, LLC and

Executive Chairman of SeeCubic, Inc. [D.I. 47].    I have also reviewed the Supplemental Declaration of Mr. Stastney which was sent to counsel this week.

4.      It is important to note at the outset that the Omnibus Agreement previously provided by Mr. Stastney to me and to the members of the Debtor's management team neither included the Letter Agreement that Mr. Stastney appends to his original Declaration, nor the purported Schedule 2.6 that is appended to his Supplemental Declaration. Similarly, prior to discovery in this matter, the purported Assumption and Assignment Agreement attached as Exhibit A to Mr. Stastney's Supplemental Declaration was neither provided to me or to any member of the Debtor's management team nor was it produced in the Chancery Litigation.

5.      Subsequent to the filing of the Bankruptcy Petition, I have been involved in efforts to obtain funding to be utilized for operations and an exit from the Chapter 11 proceedings.

6.      To enable its reorganization through chapter 11 bankruptcy, the Debtor has been working closely with Visual Technology Innovations, Inc. ("VTI"), the proposed provider of its initial debtor-in-possession funding [D.I. 30]. VTI intends to further support Debtor with additional financing to be detailed in one or more additional debtor-in-possession funding motions to be filed in the coming weeks.

7.      As an indication of its ability to provide significant funding for Debtor's reorganization in and emergence from bankruptcy, VTI has been negotiating with and received expressions of interest from an investor group to commit $30 million to VTI. The terms for Debtor's access to such funds are currently being negotiated between VTI and Debtor, but Debtor believes it will succeed in securing the necessary funding through VTI to support not

only its operations, but certain creditor payments as may be required through its reorganization plan when approved.

8. I am also negotiating a deal for approximately $2,000,000.00 of funding.

9. Debtor has also identified a third party willing to provide additional funding for a mutually beneficial joint operation of an optical bonding manufacturing facility. Through the agreement, which will be submitted to this Court for approval after the Motion to Dismiss hearing is concluded, the third party would provide $1,500,000 toward the costs of factory setup, equipment installation, and operations. The fact that an established product manufacturer and distributor of glasses-free 3D products is not only interested in working with, but in co-financing Debtor, is a clear indication of Debtor as a valid and ongoing business concern.

10. Once Debtor is approved to accept the funding requested per D.I. 30, it intends to engage or re-engage employees and begin operations to fulfill a current customer request for 10,000 units of 65" glasses-free 3D displays. This order represents approximately $8 million in gross revenue to Debtor.

11. These efforts are exclusive of the approximately $1,000,000 that was raised for VTI pre-petition.

12. These funding efforts have been delayed by the uncertainty surrounding the Chapter 11 proceedings and, significantly, the motion to dismiss.

13. I understand that the Omnibus Agreement provides for the Debtor to receive certain shares and interests in SeeCubic. As of the Petition Date and as of the date of this Declaration, Debtor has not received such shares.

14. I understand that the Omnibus Agreement contemplates a transfer of TechnoVative Media shares to SeeCubic and that Mr. Stastney claims to have effectuated that

transfer in September of 2020; however, the Debtor has no record of any board meeting in which Mr. Stastney was appointed as sole shareholder of TechnoVative Media in order to effectuate such transfer and no record of the stock certificate of TechnoVative Media being signed over to SeeCubic.

15. Indeed, the documentation presented by Mr. Stastney in discovery raises significant issue as to whether any of the actions allegedly taken by SeeCubic and Mr. Stastney have any effect with respect to the TechnoVative Media stock. As set forth on **Exhibit 1** hereto, which is SeeCubic document 0005071 et seq, as of July 21, 2020, Mr. Stastney sent an email to Margot Musschoot of Stream TV Netherlands uploading a purported updated shareholder ledger for TechnoVative Media, Inc., reflecting directors and an updated shareholder ledger for Media Holdings Delaware LLC, reflecting managing member.

Dated: April 26, 2021

**Stream TV Networks, Inc.**

By: [signature]

Mathu Rajan
Title: Chief Executive Officer

**EXHIBIT 1**

**From**: Shad Stastney [slstastney@hotmail.com]
on behalf of Shad Stastney <slstastney@hotmail.com> [slstastney@hotmail.com]
**Sent**: 7/21/2020 9:16:56 AM
**To**: Margot Musschoot [Margot.Musschoot@vistra.com]
**CC**: StreamTV.NL [StreamTV.NL@vistra.com]
**Subject**: Re: Additional Hawk due diligence [VIS-NETHERLANDS.FID9292]

Margot,

Per my previous email, as regards Ultra-D Ventures C.V., attached below please find:

1. The executed Engagement Agreement;
2. Updated shareholder ledger for TechnoVative Media, Inc., reflecting directors
3. Updated shareholder ledger for Media Holdings Delaware LLC, reflecting managing member
4. A copy of my valid passport.

Once the powers of attorney are in final form, I'm happy to execute those as well on behalf of the applicable entities.

Thanks very much again, and any further questions, please let us know.

Best,

Shad Stastney

On Jul 21, 2020, at 8:10 AM, Margot Musschoot <Margot.Musschoot@vistra.com> wrote:

Hi Shad,

Happy to inform you we have obtained formal green light from our management team and we can accept SeeCubic, Inc. as our client. We look very much forward to working with you!

In regards to the next steps:

- As Mathu will not cooperate with his resignation we will need work on his removal top-down and follow certain formalities in order for the resolution to be valid under Dutch law:
  - We will convene a general meeting for Ultra-D Cooperatief U.A. (**Ultra-D Coop**) to resolve upon the replacement of Mathu by yourself. During this meeting the members of the board of directors of Ultra-D Coop – i.e. Mathu and Vistra – will have the possibility to render advice on the dismissal of Mathu, and Mathu himself will have the right to a fair hearing.
  - As the articles of association of Ultra-D Coop require an minimal notice period of 7 days, we suggest to schedule the general meeting next week July 29th.
- Please find attached the draft documentation for the Ultra-D Coop general meeting, upon your confirmation, we will send out meeting invites to the members and the board of directors:
  - convocation letters
  - agenda
  - power of attorneys
- Upon replacement of Mathu on the board of Ultra-D Coop, we will need to follow the same steps for SeeCubic BV and Stream TV Networks BV, however, since these BVs are sister companies we can work on that simultaneously;
- In the interim we will also send an official termination letter to the board of Stream TV Networks, Inc.

Lastly, please find attached engagement documentation from our colleagues at the Curacao office, in regards to Ultra-D Ventures C.V. Grateful if you could review and revert back.

Our colleagues also have the following additional request, as the whether you can provide us, for both TechnoVative Media Inc and Media Holdings Delaware LLC with an:

- updated shareholders register
- updated register of directors
- copy passport of the valid passport of the director

Thank you in advance for your reply and kind regards,

Margot

**Margot Musschoot**
Vistra Amsterdam | Corporate Lawyer
Tel: +31 88 560 9263
Mobile: +316 3817 0544

---

**From:** Shad Stastney [mailto:slstastney@hotmail.com]
**Sent:** Tuesday 21 July 2020 12:44 PM
**To:** Margot Musschoot
**Cc:** StreamTV.NL
**Subject:** [EXTERNAL] Re: Additional Hawk due diligence [VIS-NETHERLANDS.FID9292]

**CAUTION: This email originated from outside of the organization.**

---

Margot,

I hope you are well, and that you had a very good weekend!

Just following up on the below, any thoughts on next steps?

Thanks very much,

Shad Stastney

On Jul 17, 2020, at 10:24 AM, Margot Musschoot <Margot.Musschoot@vistra.com> wrote:

Dear Shad,

We are near the end of our KYC process.

We still owed you the updated corporate structure chart, so please find hereby attached. Could you please review and upon confirmation, sign and date please?

Thanks a lot and have a good weekend,

Margot

**Margot Musschoot**
Vistra Amsterdam | Corporate Lawyer

Tel: +31 88 560 9263
Mobile: +316 3817 0544

**From:** Shad Stastney [mailto:slstastney@hotmail.com]
**Sent:** Thursday 16 July 2020 2:39 PM
**To:** Margot Musschoot
**Cc:** StreamTV.NL
**Subject:** [EXTERNAL] Re: Additional Hawk due diligence [VIS-NETHERLANDS.FID9292]

**CAUTION: This email originated from outside of the organization.**

Margot,

Thank you very much, we remain at your disposal to answer any additional questions.

Much appreciated as always,

Shad Stastney

On Jul 16, 2020, at 8:21 AM, Margot Musschoot <Margot.Musschoot@vistra.com> wrote:

Hi Shad,

We have indeed well received the requested information. We are now reviewing and tying it all together, if sufficient, we will be able to have the formal acceptance meeting with our management team.

Once set, I will inform you when this meeting will be conducted.

Kind regards,

Margot

**Margot Musschoot**
Vistra Amsterdam | Corporate Lawyer
Tel: +31 88 560 9263
Mobile: +316 3817 0544

**From:** Shad Stastney [mailto:slstastney@hotmail.com]
**Sent:** Thursday 16 July 2020 2:12 PM
**To:** Margot Musschoot
**Subject:** [EXTERNAL] Re: Additional Hawk due diligence [VIS-NETHERLANDS.FID9292]

**CAUTION: This email originated from outside of the organization.**

Margot,

Hope you're well, have you received everything you need from Hawk and it's trustee? If not, happy to help if I can. If so, we're ready to proceed when you are!

Best,

Shad Stastney

On Jul 15, 2020, at 9:34 AM, Margot Musschoot <Margot.Musschoot@vistra.com> wrote:

Hi Colin,

Thanks for the super swift reply, much appreciated and looking forward to Albany reverting back to you.

Could you please provide us with the financial statements of Hawk Investment Holdings Limited as these might as well provide the insight we are looking for.

Kind regards,

Margot

**Margot Musschoot**
Vistra Amsterdam | Corporate Lawyer
Tel: +31 88 560 9263
Mobile: +316 3817 0544

**From:** Colin Maltby [mailto:colin@first-sentinel.com]
**Sent:** Wednesday 15 July 2020 2:05 PM
**To:** Margot Musschoot
**Cc:** StreamTV.NL; Shad Stastney
**Subject:** [EXTERNAL] RE: Additional Hawk due diligence [VIS-NETHERLANDS.FID9292]

**CAUTION: This email originated from outside of the organization.**

Hi Margot

I have reverted to Albany to request same.

I'm not sure how a CV for the settlor will help with source of funds, but I have asked Albany how they usually deal with such queries. I can say that I have personally seen Hawk Investment Holdings Ltd realise significantly more than $43m in exits from equity investments.

Kind regards

Colin

**From:** Margot Musschoot <Margot.Musschoot@vistra.com>
**Sent:** 15 July 2020 12:55
**To:** Colin Maltby <colin@first-sentinel.com>

**Cc:** StreamTV.NL <StreamTV.NL@vistra.com>; Shad Stastney <slstastney@hotmail.com>
**Subject:** RE: Additional Hawk due diligence [VIS-NETHERLANDS.FID9292]

Dear Colin,

Thank you.

We have reviewed the provided information and we have the following additional inquiries:

- Apologies if overlooking, but I don`t see the certified copy passport of Mr. Arthur Leonard Robert Morton included in the provided ATCL pack?
- Could you please provide us with the following for Albany Holdings Limited and, if applicable, the same documentation for its shareholders up until the beneficial owner:
  - A certificate of incorporation
  - A copy of the share register
  - A copy of the register of directors and officers;
- Based on the SeeCubic Inc. cap table provided to us, Hawk Investment Holdings Limited makes an investment of around $43 million in SeeCubic Inc. We require documentation that substantiates where these funds originate from. A professional CV from Mr. Morton would give this insight, but if you have any other documentation evidencing this than we are of course happy to receive such.

Thanks a lot and kind regards,

Margot

**Margot Musschoot**
Vistra Amsterdam | Corporate Lawyer
Tel: +31 88 560 9263
Mobile: +316 3817 0544

---

**From:** Colin Maltby [mailto:colin@first-sentinel.com]
**Sent:** Tuesday 14 July 2020 5:08 PM
**To:** Margot Musschoot
**Cc:** StreamTV.NL; Shad Stastney
**Subject:** [EXTERNAL] RE: Additional Hawk due diligence [VIS-NETHERLANDS.FID9292]

**CAUTION: This email originated from outside of the organization.**

---

Dear Margot

Please see attached. I will text you the password.

We don't have a CV for the settlor. Do you really need this? He is retired, aged 78. He qualified as a Chartered Accountant in his early 20s, going on to set up his own firm, Morton Thornton. He has not however practised as a Chartered Accountant as long as I've acted for him (since 1998). Instead, he has been a very successful investor, for whom I have worked on many investment deals.

I hope that this suffices.

Kind regards

Colin

**From:** Margot Musschoot <Margot.Musschoot@vistra.com>
**Sent:** 13 July 2020 11:59
**To:** Colin Maltby <colin@first-sentinel.com>
**Cc:** StreamTV.NL <StreamTV.NL@vistra.com>; Shad Stastney <slstastney@hotmail.com>
**Subject:** RE: Additional Hawk due diligence [VIS-NETHERLANDS.FID9292]

Dear Colin,

Thanks a lot for the quick turnaround!

We have reviewed the documents provided and were hoping you could still assist with the following:

- For Albany Trustee Limited Company, could you please provide us with the following documents, or similar:
  - A certificate of incorporation
  - A copy of the share register
  - A copy of the register of directors and officers;
- For the beneficiaries and settlor of the Morton Family Trust, could you please provide us with a certified copy of their passports?;
- Could you please provide us with a professional CV of the settlor of the Morton Family Trust?

Lastly, in regards to the Morton Purpose Trust, although we understand the reason for a purpose trust in general, could you please elaborate on the rationale behind a purpose trust in this particular structure as well as the involvement of the enforcer/settlor in this regard?

Thank you in advance and kind regards,

Margot

**Margot Musschoot**
Vistra Amsterdam | Corporate Lawyer
Tel: +31 88 560 9263
Mobile: +316 3817 0544

**From:** Colin Maltby [mailto:colin@first-sentinel.com]
**Sent:** Friday 10 July 2020 1:10 PM
**To:** Margot Musschoot
**Cc:** StreamTV.NL
**Subject:** [EXTERNAL] RE: Additional Hawk due diligence [VIS-NETHERLANDS.FID9292]

**CAUTION: This email originated from outside of the organization.**

Margot, my previous email refers. Please see attached.

Kind regards

Colin

**From:** Colin Maltby
**Sent:** 10 July 2020 12:05
**To:** Margot Musschoot <Margot.Musschoot@vistra.com>; Shad Stastney <slstastney@hotmail.com>
**Cc:** StreamTV.NL <StreamTV.NL@vistra.com>
**Subject:** RE: Additional Hawk due diligence [VIS-NETHERLANDS.FID9292]

Dear Margot

Thank you for your email. Albany's policy is to release extracts from the trust deeds, which should be sufficient for KYC purposes, so I will send these to you only, under separate cover as they are only for Vistra's records.

There isn't a UBO as such for trust law purposes, as this is a discretionary trust structure, however I can confirm that the settlor is Arthur Leonard Robert Morton.

Kind regards

Colin

---

**From:** Margot Musschoot <Margot.Musschoot@vistra.com>
**Sent:** 10 July 2020 09:11
**To:** Colin Maltby <colin@first-sentinel.com>; Shad Stastney <slstastney@hotmail.com>
**Cc:** StreamTV.NL <StreamTV.NL@vistra.com>
**Subject:** RE: Additional Hawk due diligence [VIS-NETHERLANDS.FID9292]

Dear Colin,

Thank you for the quick turnaround and nice to meet you as well.

We are currently working on the onboarding process of SeeCubic Inc. and in light of our due diligence we were hoping you could assist with the following inquiries we have in regards to the ownership structure of Hawk Investment Holdings Limited and more specific regarding The Morton Family Trust and The Morton Purpose Trust:

- Could you please provide us with the trust deeds for both the above trusts?;

- Could you inform us on the identity of the UBO of the trust, namely the settlor, the beneficiary, or anybody having actual power over the trust and the identity of the trustee;

Thank you very much in advance and looking forward to your response.

Kind regards,

Margot

**Margot Musschoot**
Vistra Amsterdam | Corporate Lawyer
Tel: +31 88 560 9263
Mobile: +316 3817 0544

---

**From:** Colin Maltby [mailto:colin@first-sentinel.com]
**Sent:** Thursday 9 July 2020 6:05 PM
**To:** Shad Stastney
**Cc:** Margot Musschoot
**Subject:** [EXTERNAL] RE: Additional Hawk due diligence

**CAUTION: This email originated from outside of the organization.**

---

Shad

Thank you.

Margot, it's nice to make your acquaintance. Please let me know if I can be of help.

Kind regards

Colin

<image001.jpg>

**Colin Maltby**
Director

72 Charlotte Street
London
W1T 4QQ

M: +44 7733 932462
T: +44 207 183 7401
E: colin@first-sentinel.com
W: www.first-sentinel.com

This e-mail message and all attachments transmitted with it are intended solely for the use of the addressee and may contain legally privileged and confidential information. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by replying to this message and please delete it from your computer.

None of the content of this email is, or is intended to be, contractually binding on either the sender or any First Sentinel company, unless expressly stated to be so.

Any financial promotion contained herein has been issued and approved by First Sentinel Corporate Finance Ltd, registered in England, No: 07832675; authorised and regulated by the Financial Conduct Authority (Firm Ref No: 760668) ("First Sentinel"). It is for informational purposes and is not an Official confirmation of terms. It is not guaranteed as to accuracy, nor is it a complete statement of the financial products or markets referred to. Opinions expressed are subject to change without notice and may differ or be contrary to the opinions of First Sentinel. Unless stated specifically otherwise, this is not a recommendation, offer or solicitation to buy or sell and any prices or quotations contained herein are indicative only. To the extent permitted by law, First Sentinel does not accept any liability arising from the use of this communication.

First Sentinel Advisory Ltd, registered in England, No: 10732869. First Sentinel Advisory does not provide any services that constitute "reserved activities" within the meaning of the Legal Services Act 2007 and is accordingly not regulated by the Solicitors Regulation Authority.

First Sentinel plc, registered in England, No: 10183367. It is a small registered UK AIFM regulated by the Financial Conduct Authority (Firm Ref No: 760350).

This e-mail has been checked for viruses, but no liability is accepted for any damage caused by any virus transmitted by this e-mail.

-----Original Message-----
From: Shad Stastney <slstastney@hotmail.com>
Sent: 09 July 2020 16:38
To: Colin Maltby <colin@first-sentinel.com>
Cc: Margot Musschoot <margot.musschoot@vistra.com>
Subject: Additional Hawk due diligence

Colin,

I'm pleased to introduce you to Margot Musschoot, of Vistra. She may have some additional due diligence questions regarding two of the trust entities in Hawk's corporate structure, which would be best addressed by you directly, without my involvement.

If I can provide any materials to assist, happy to do so.

Best,

Shad Stastney

Our Privacy Notice can be found athttps://www.vistra.com/privacy-notice

This email and any attachments are confidential and intended solely for the use of the addressee. You should not copy or disclose its contents to any other person. If you have received this email in error please notify the sender immediately. Unless otherwise stated any views or opinions presented are solely those of the author and are not endorsed by the entity in the signature block.
E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late, or contain viruses. Vistra Group does not therefore accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. Although we have taken reasonable precautions to ensure no viruses are present in this email, Vistra Group cannot accept liability for any loss or damage sustained as a result of viruses.
Replies to this e-mail may be monitored.

Before you print think about the **ENVIRONMENT**

Our Privacy Notice can be found athttps://www.vistra.com/privacy-notice

This email and any attachments are confidential and intended solely for the use of the addressee. You should not copy or disclose its contents to any other person. If you have received this email in error please notify the sender immediately. Unless otherwise stated any views or opinions presented are solely those of the author and are not endorsed by the entity in the signature block.
E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late, or contain viruses. Vistra Group does not therefore accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. Although we have taken reasonable precautions to ensure no viruses are present in this email, Vistra Group cannot accept liability for any loss or damage sustained as a result of viruses.
Replies to this e-mail may be monitored.

Before you print think about the **ENVIRONMENT**

Our Privacy Notice can be found athttps://www.vistra.com/privacy-notice

This email and any attachments are confidential and intended solely for the use of the addressee. You should not copy or disclose its contents to any other person. If you have received this email in error please notify the sender immediately. Unless otherwise stated any views or opinions presented are solely those of the author and are not endorsed by the entity in the signature block.
E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late, or contain viruses. Vistra Group does not therefore accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. Although we have taken reasonable precautions to ensure no viruses are present in this email, Vistra Group cannot accept liability for any loss or damage sustained as a result of viruses.
Replies to this e-mail may be monitored.

 Before you print think about the ENVIRONMENT

Our Privacy Notice can be found athttps://www.vistra.com/privacy-notice

This email and any attachments are confidential and intended solely for the use of the addressee. You should not copy or disclose its contents to any other person. If you have received this email in error please notify the sender immediately. Unless otherwise stated any views or opinions presented are solely those of the author and are not endorsed by the entity in the signature block.
E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late, or contain viruses. Vistra Group does not therefore accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. Although we have taken reasonable precautions to ensure no viruses are present in this email, Vistra Group cannot accept liability for any loss or damage sustained as a result of viruses.
Replies to this e-mail may be monitored.

Before you print think about the ENVIRONMENT

Our Privacy Notice can be found at https://www.vistra.com/privacy-notice

This email and any attachments are confidential and intended solely for the use of the addressee. You should not copy or disclose its contents to any other person. If you have received this email in error please notify the sender immediately. Unless otherwise stated any views or opinions presented are solely those of the author and are not endorsed by the entity in the signature block.
E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late, or contain viruses. Vistra Group does not therefore accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. Although we have taken reasonable precautions to ensure no viruses are present in this email, Vistra Group cannot accept liability for any loss or damage sustained as a result of viruses.
Replies to this e-mail may be monitored.

Before you print think about the ENVIRONMENT

Our Privacy Notice can be found at https://www.vistra.com/privacy-notice

This email and any attachments are confidential and intended solely for the use of the addressee. You should not copy or disclose its contents to any other person. If you have received this email in error please notify the sender immediately. Unless otherwise stated any views or opinions presented are solely those of the author and are not endorsed by the entity in the signature block.
E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late, or contain viruses. Vistra Group does not therefore accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. Although we have taken reasonable precautions to ensure no viruses are present in this email, Vistra Group cannot accept liability for any loss or damage sustained as a result of viruses.
Replies to this e-mail may be monitored.

Before you print think about the ENVIRONMENT

<Tab 5.1 - 20200717 - SeeCubic Inc - Dutch Stream entities - Corporate structure chart.pdf>

Our Privacy Notice can be found at https://www.vistra.com/privacy-notice

This email and any attachments are confidential and intended solely for the use of the addressee. You should not copy or disclose its contents to any other person. If you have received this email in error please notify the sender immediately.

Unless otherwise stated any views or opinions presented are solely those of the author and are not endorsed by the entity in the signature block.
E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late, or contain viruses. Vistra Group does not therefore accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. Although we have taken reasonable precautions to ensure no viruses are present in this email, Vistra Group cannot accept liability for any loss or damage sustained as a result of viruses.
Replies to this e-mail may be monitored.

Before you print think about the **ENVIRONMENT**

<20200720 - Ultra-D Cooperatief UA - PoA AGM Media Holdings Delaware LLC dismissal Mathu Rajan.DOCX><20200720 - Ultra-D Cooperatief UA - PoA AGM Technology Holdings dismissal Mathu Rajan.DOCX><20200720 - Ultra-D Cooperatief UA - Agenda AGM dismissal Mathu Rajan.DOCX><20200721 - Ultra-D Cooperatief UA - Convocation letter AGM Technology Holdings Delaware LLC dismissa.DOCX><20200721 - Ultra-D Cooperatief UA - Convocation letter AGM Media Holdings Delaware LLC dismissal Mat.DOCX><Domilication Agreement - Seecubic Inc..pdf><Letter of Engagement - Seecubic Inc-Ultra D Ventures.pdf><Terms and Conditions.pdf>

Our Ref: CP/2020/07/15

**Private and Confidential**

Seecubic Inc
251 Little Falls Drive
Wilmington, New Castle
19808

Date: July 15, 2020

Dear Sir/Madam

**Letter of engagement**

We have been approached to provide Local Representative services for the following entity: **Ultra D Ventures C.V.**

We appreciate the confidence that you have placed in Vistra (Curacao) N.V. and thank you for the opportunity to act as a Local Representative for the concerned company.

In keeping with Vistra policy, we will confirm the terms of our engagement below.

**Services**
The services requested will be provided as from July 15, 2020.

This letter will furthermore be applicable for any possible further entity that we are requested to set up, manage and/or administer for you.
Your points of contact within Vistra (Curacao) N.V. will be Mrs. Connie Padilla and Ms. Karon Weeks and all enquiries and communications should be directed through us. Our e-mail addresses are connie.padilla@vistra.com and karon.weeks@vistra.com
Feel free to contact us anytime you require our assistance.

**Compliance**
As you may be aware, we are required to perform appropriate due diligence with respect to all new clients. In this respect, we confirm that we have to obtain the necessary due diligence on the client. We may need further documentation at a later time; in this event we shall discuss this with you in due course.

**Fees**
Our annual fee in the amount of EUR1,100 is charged at the beginning of each calendar year;
Annual flat fee for compliance services EUR 350.00;
a variable fee per hour or part thereof for the other services performed, based on the actual time spent varying between EUR 100.00 and EUR 200.00 depending on the officer who performs the activities;
Third party costs and disbursements such as legal fees, tax advisor fees, courier charges, Central Bank License fees, Chamber of Commerce contributions etc. will be charged at cost.
Office expenses will be charged at a rate of 6% of the total fees.

All fees are subject to periodic review.

**Tax Advice**
Please note that Vistra does not provide tax advice or audit services. Required tax services are carried out in conjunction with specialist advisers in or outside of Curacao.

**Disclosure**
Where we consider that there is a duty to make disclosure under money laundering regulations and/or our local or other applicable laws, then disclosure will be made at the appropriate time. In any case of doubt, we will exercise our judgment as to whether disclosure should be made. In some cases, a 'protective' disclosure may be made.

**Use of Vistra's Name**
Please note that the Vistra name and/or any name of Vistra related entities, is not to be quoted or used by you in any way without our prior express written permission.

**Limitation of Liability**
We refer you to clause 8 of our Terms and Conditions, which are attached to this engagement letter.

**Service Standards**
If at any time you would like to discuss with us how our service to you could be improved or if you are dissatisfied with the service, you are receiving please let us know immediately.

We undertake to look into any complaint in detail and to attend to the situation promptly. If we have given you a less than satisfactory service, we assure you we will do everything reasonable to rectify the incident.

**Conclusion**
In consideration for us agreeing to accept your instructions, you consent as follows:

- to ensure that the source of all relevant assets is lawful and do not derive in any way from any illegal activity;
- that all matters with which we become involved will be lawful and will comply with such laws and regulations as are relevant;
- that we shall be entitled to remuneration of our fees and to reimbursement of all expenses;
- that you will ensure that all structures established by us for you are at all times sufficiently funded;
- to meet all liabilities as and when they fall due, including but not limited to our fees and expenses;
- that you will at all times provide us with sufficient information in order to permit us to provide a proper and complete service;
- that all business shall be subject to our Terms and Conditions as attached.

**Agreement of Terms**
Once it has been agreed, this letter will remain effective indefinitely, unless it is replaced. We would be grateful if you could confirm in writing your agreement to the terms of this letter by signing and returning the attached copy. Do let us know if you have any questions concerning our terms of appointment.

If within one month from the date of this letter, we have not received the attached copy, duly signed by you, and we have not received any other communication from you concerning the contents of this letter, the provisions contained in it shall be deemed to have become effective.

We look forward to a long and successful business relationship.

Yours sincerely,

**Mrs. Connie Padilla**
Managing Director

**Enclosure:** Terms and Conditions

**For acceptance and acknowledgement of the obligations and undertakings under this Engagement Letter and the Terms and Conditions:**

By: Shad L. Stastney
Date: July 21, 2020

CONFIDENTIAL

SEECUBIC-BKR-00005085

Native Slipsheet

CONFIDENTIAL SEECUBIC-BKR-00005086

Media Holdings Delaware LLC

Shareholder Ledger

| | Holder | Number | Share Class | Percentage of Class | Percentage of Total Equi | Last Updated |
|---|---|---|---|---|---|---|
| 1 | TechnoVative Media In<br>1732A Marsh Road<br>Suite 124<br>Wilmington, DE 19801<br>Attn: Shad L. Stastney | 100.00% | Class A | 100% | 100% | 6-May-20 |
| | TOTAL | 1,000 | | 100% | 100% | |

Sole Managing Membe Shad L. Stastney

Native Slipsheet

CONFIDENTIAL SEECUBIC-BKR-00005087

TechnoVative Media Inc.

Shareholder Ledger

| | Holder | Number | Share Clas | Percentage of Class | Percentage of Total Equ | Last Updated |
|---|---|---|---|---|---|---|
| 1 | SeeCubic, Inc.<br>1732A Marsh Road<br>Suite 124<br>Wilmington, DE 19801<br>Attn: Shad L. Stastney | 1,000 | Common | 100% | 100% | 6-May-20 |
| | TOTAL | 1,000 | | 100% | 100% | |

| | |
|---|---|
| Sole Director | Shad L. Stastney<br>SeeCubic, Inc.<br>1732A Marsh Road<br>Suite 124<br>Wilmington, DE 19801 |

**Redacted**

CONFIDENTIAL
SEECUBIC-BKR-00005088